UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>PERLA PINO TERAN,<br><br>   Defendant. | Case No.:  11cr877 JM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

Defendant Perla Pino Teran moves, pro se, for a sentence reduction on the basis of Amendment 782 to the United States Sentencing Guidelines ("the Guidelines" or ("U.S.S.G."). (Doc. Nos. 45, 47.) Amendment 782 revised the Drug Quantity Table in Guidelines section 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.[1]  For the following reasons, the court denies Defendant's motion.

**DISCUSSION**

In general, a criminal sentence is final upon completion of direct review, and the

---

[1] Amendment 788 made Amendment 782 retroactive to previously sentenced defendants, limiting the effective date to November 1, 2015.  See U.S.S.G., supp. App'x. C, amend. 788 (2014); U.S.S.G. § 1B1.10.

1

sentencing court thereafter lacks authority to revisit it. <u>Dillon v. United States</u>, 560 U.S. 817, 821 (2010); <u>United States v. Leniear</u>, 574 F.3d 668, 673 (9th Cir. 2009). However, Congress created a limited exception to this rule in 18 U.S.C. § 3582(c), authorizing district courts to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." <u>United States v. Dunn</u>, 728 F.3d 1151, 1155 (9th Cir. 2013). In such circumstances, a two-step analysis applies. <u>Dillon</u>, 560 U.S. at 827. First, the court must determine "the amended guideline range that would have been applicable to the defendant if the relevant amendment had been in effect at the time of the initial sentencing." <u>Id.</u> If the defendant is eligible for a sentence modification, the court must next consider any applicable factors under 18 U.S.C. § 3553 to determine whether a modification is warranted. <u>Id.</u> But the court must "leave all other guideline application decisions unaffected" and ensure that reductions are "consistent with applicable policy statements issued by the Sentencing Commission." <u>See generally</u> U.S.S.G. § 1B1.10.

 Here, Defendant pled guilty to two counts of violating 21 U.S.C. §§ 952 and 960 for importing cocaine and methamphetamine, and the court sentenced her to ninety-two months imprisonment on each count, to run concurrently. (Doc. No. 43.) At sentencing, the court determined that Defendant was responsible for 4.62 kilograms of cocaine and 7.11 kilograms of methamphetamine. After converting those substances to their marijuana equivalent as provided by the Guidelines, the court calculated Defendant's offense level based on her responsibility for 142,260 kilograms of marijuana. That quantity of marijuana resulted in a base offense level of 38. (<u>See</u> Doc. No. 21.) Today, despite Amendment 782, that quantity of marijuana continues to result in a base offense level of 38. <u>See</u> U.S.S.G. § 2D1.1(c)(1). Consequently, Amendment 782 did not lower Defendant's applicable Guidelines range, and Defendant is not eligible for a sentence reduction.

///

///

# CONCLUSION

For the foregoing reasons, the court denies Defendant's motions to reduce his sentence.

IT IS SO ORDERED.

DATED: October 21, 2016

JEFFREY T. MILLER
United States District Judge